**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Bates Rider, III, | No. CV-19-08320-PCT-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Joseph Profiri, et al., | |
| Respondents. | |

Before the Court is Magistrate Judge Deborah M. Fine's Report and Recommendation ("R&R") (Doc. 18) on *pro se* Petitioner's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 7). The R&R recommends the Amended Petition be denied and dismissed with prejudice, and a certificate of appealability be denied. (Doc. 18 at 63). The Court will review the objected to portions of the R&R *de novo*. *See* Fed. R. Civ. P. 72(b); 29 U.S.C. § 636(b)(1)(C).

**I.  Discussion**

Petitioner asserted ten grounds for relief in his Amended Petition, all of which were analyzed in Magistrate Judge Fine's 63-page R&R. Petitioner makes objections to findings related to all ten grounds. (Docs. 24, 25).

**A.  Objection Relating to Grounds 2, 3, 4, 5, 9(k), and 9(l) (Doc. 24 at 3)**

Petitioner generally objects to the R&R's conclusion that "Grounds 2, 3, 4, 5, 9(k), and 9(l) are subject to procedural default or to an express procedural bar." (Doc. 24 at 3). Petitioner argues that a habeas claim is not barred "unless the last state court rendering a

judgment in the case 'clearly and expressly' states that its judgment rest [sic] on a state procedural bar." (Doc. 24 at 3 *citing Harris v. Reed*, 489 U.S. 255 (1989)). Petitioner argues that the R&R must be rejected on this basis because "no state court has stated that Petitioner's claims are defaulted or that its judgment rests on a state bar." (*Id.*)

There are two categories of procedural default: express and implied. As discussed more *infra*, the R&R clearly identifies those claims that are expressly barred by state procedural grounds—also referred to as express default; and those claims that are barred by an implicit procedural default—because Petitioner had failed to present the claim in the necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). The latter type of procedural default is often referred to as "technical" exhaustion because although the claim was not actually exhausted in state court, Petitioner no longer has an available state remedy and would be barred from proceeding with his claim in state court. *Coleman*, 501 U.S. at 732. *See also Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007) (observing that if state court where petitioner would be required to present the claim would find the claims procedurally barred, petitioner has technically exhausted the claim through procedural default). In light of these two recognized categories of procedural default, Petitioner's objection that the R&R found some of his claims barred by an implied default that was not expressly identified by the state court is overruled.

**B.     Ground 1 Objections (Doc. 24 at 2)**

In Ground 1, Petitioner contends his constitutional rights to a fair trial and due process were violated when the trial court instructed the jury on the elements of the lesser-included offense of second-degree murder and gave instructions on "mere presence" and "absence of other participants" over Petitioner's objection. (Doc. 7 at 6). Petitioner raised these arguments on direct appeal in his state court proceedings. (*Id.*) The Magistrate Judge

discussed the appeals courts' findings on these claims and found that Petitioner had not "met his burden to establish that the Arizona Court of Appeals' decision affirming Petitioner's conviction and sentence and finding the superior court had not abused its discretion in instructing the jury on second-degree murder was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or was based upon an unreasonable determination of the facts." (Doc. 18 at 36).

Petitioner objects to the R&R's finding on the grounds that (1) the R&R does not dispute that there was a lack of evidence to support giving the second-degree murder instruction, and (2) that the "mere presence" and "absence of other participants" instructions had "a substantial and injurious effect on the verdict" and rendered the appellate court's decision unreasonable.  (Doc. 24 at 2).  These objections are overruled. As the R&R explained, when a claim has been resolved on the merits by a state court, as here, a federal habeas court's review is "highly deferential" and limited to determining whether the state court's adjudication was contrary to clearly established federal law; involved an unreasonable application of such law; or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).  There is no error in the R&R's analysis and review of the appellate court decision, which was the last adjudication of these claims on their merits.

Regarding the second-degree murder charge instruction, the appeals court correctly noted that Arizona law allows for an instruction "on any lesser-included offense supported by the evidence" and for a second-degree murder instruction "when a reasonable construction of the evidence tends to show a lack of premeditation."  (Doc. 11-2 at 278 citing *State v. Gipson*, 229 Ariz. 484, 487, ¶ 17 (2012) and *State v. Sprang*, 227 Ariz. 10, 12, ¶ 6 (App. 2011)).  *See also* Arizona Rule of Criminal Procedure 13.2 (entitling the state to any instruction on any offense for which there is evidentiary support and for which a verdict form is submitted to the jury).  Petitioner has not shown that these rules are contrary to any United State Supreme Court authority or that they were unreasonably applied.

Nor is the appeals court's decision an unreasonable determination of the facts in the record.  The appeals court identified the evidence that existed in the record that may have shown a lack of premeditation and thus a need for the lesser-included offense of second-degree murder:

> Reasonable jurors could have found a lack of premeditation. Although R.F. testified Rider disliked the victim, he also explained that she and Rider were getting along well during their outing. R.F. saw them happily floating down the river just moments before seeing Rider holding the victim's head underwater. In cross-examining R.F., defense counsel repeatedly characterized the incident between Rider and the victim as a "fight," and R.F. did not challenge that characterization. And when moving for a judgment of acquittal, defense counsel argued:
>
>> [T]here is absolutely no evidence that would support that this was in any way planned even for a short period of time and not an instant effect of a sudden quarrel or heat of passion even if you were to take everything that [R.F.] stated. In fact, I believe it would support the exact opposite: the fact that he said that they were getting along; the fact that he said he was shocked and surprised to see this; that would actually be evidence that would support the argument the other way and would not support any finding of premeditation.
>
> Based on the trial evidence, jurors could rationally conclude Rider did not reflect before intentionally and knowingly drowning the victim, warranting the second-degree murder instruction.

(Doc. 11-2 at 278).  In doing so, the court identified evidence supporting an instruction for an intentional killing, albeit not premediated, e.g., R.F.'s testimony that Petitioner held the victim's head underwater and that they were fighting prior to him seeing this.  Thus, Petitioner's objection that the appellate decision unreasonably concluded that the second-degree murder instruction was unsupported by evidence is overruled.

Petitioner's objection that the appellate court's decision is unreasonable regarding the trial judge's instructions on "mere presence" and "absence of other participants" is also overruled.  As noted in the R&R, the appellate court explained that the trial court did not abuse its discretion by giving the instructions because Arizona state law allows for a trial court to, in its discretion, offer additional guidance regarding the relevant legal criteria.

(Doc. 11-2 at 280–81). The court found that these instructions "clarified that jurors should not consider the possible culpability of any other person and should not convict [Petitioner] if they determined he was only present while a crime was committed." (*Id.*) Given the juror's question as to why R.F. was not prosecuted as an accomplice following the detective's trial testimony, the trial judge did not abuse his discretion in giving the instructions. The decision to offer the additional instructions was not unreasonable based on the facts in the record. Thus, there is no basis for habeas relief under 28 U.S.C. §2254(d) on Ground 1.

### C. Ground 2, 3 and 4 Objections (Doc. 24 at 3–4)

The R&R found that Ground 2, which alleges that Petitioner's due process and fair trial rights were violated when medical examiner Dr. Fischoine was permitted to testify in violation of federal and state rules of evidence (Doc. 7 at 7), was technically exhausted and procedurally defaulted. (Doc. 18 at 21). The R&R also found that Ground 3, which alleges Petitioner's due process and fair trial rights were violated when the trial court admitted recordings of confrontation calls between Petitioner and R.F. and a video recording of law enforcement questioning Petitioner, was technically exhausted and procedurally defaulted when Petitioner failed to fairly present it to the state court. (Doc. 18 at 21). The R&R found the same as to Ground 4, in which Petitioner alleges that his due process rights were violated because his conviction was "contrary to the weight of the evidence." (*Id.* at 22; Doc. 7 at 9).

To obtain federal habeas relief, a Petitioner must first exhaust his remedies in state court. 18 U.S.C. §2254(b). Exhaustion requires that the petitioner's contentions were fairly presented. *Ybarra v. McDaniel*, 656 F.3d 984, 9914 (9th Cir. 2011). The fair presentation requirement mandates that a state prisoner must alert the state court "to the presence of a federal claim." *Baldwin v. Reese*, 541 U.S. 27, 33 (2004) (rejecting petitioner's assertion that his claim had been "fairly presented" in part because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law"); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999), cert. denied, 529 U.S. 1009 (2000)

(holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds). Merely making a passing reference to the United States Constitution does not constitute "fair presentment." *Baldwin*, 541 U.S. at 33. *See also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). The Court has reviewed the bases for the claims in Grounds 2, 3, and 4 and agrees with the Magistrate Judge that they were not properly presented to the state court for a first review.

*Ground 2 – Dr. Fischoine's testimony.* As to Ground 2, the Magistrate Judge found that though Petitioner's appellate brief suggested his right to due process and fair trial were violated when Dr. Fischoine's testimony was admitted, he never cited federal law for his arguments, and thus never gave the state court a fair opportunity to resolve the claims on federal grounds. (*Id.* at 20). She further found that Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4 prevented him from returning to state court with these claims. (*Id.* at 21). Plaintiff says that as a *pro se* plaintiff, the Court must construe his filings liberally. He argues, without reference to authority, that "the citation of the specific constitutional provision alleged to be violated is enough to alert the state court that a constitutional claim have [sic] been raised." (Doc. 24 at 3).

In his state appellate brief, Petitioner's counsel argued that the trial court erred by admitting Dr. Fischoine's testimony under Arizona Rules of Evidence 702 and 403. (Doc. 11-2 at 246). In making the argument that the value of Dr. Fischoine's testimony was "substantially outweighed by its unfair prejudice and confusion," i.e., the Rule 403 argument, counsel referenced, without citation or further explanation under any federal standards, that the admission "perhaps did in fact, substantially prejudice Mr. Rider's right to Due Process and a fair Trial." (*Id.* at 248). This passing reference to constitutional provisions is not an indication that Petitioner was complaining about a violation of federal constitutional law. Indeed, the state appellate court did not assess it as such. The Magistrate

- 6 -

Judge correctly found that this was not a fair presentation of Petitioner's claims. The objection is overruled.

*Ground 3 – Admission of Recorded Call and Video*. On direct appeal, Petitioner argued that there was "no legal basis" under the Arizona Rule of Evidence 401 and 402 for admitting the calls and video and the admission "was prejudicial fundamental error that was not harmless beyond a reasonable doubt." (Doc. 11-2 at 249). Petitioner does not address the R&R's conclusion that Petitioner failed to raise this Ground as a federal claim in the state courts, other than to say, "[i]t is clear that Arizona Rules of Evidence are interwoven with Federal Rules of Evidence. Federal law, 18 U.S.C. 2515 prohibits the use of recordings in trial. (intercepted phone calls)." (Doc. 24 at 4). But a petitioner does not satisfy the exhaustion requirement "by presenting the state court only with the facts necessary to state a claim for relief." *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). The specific constitutional right allegedly violated must also be identified. *Id.* Here, it was not. The objection is overruled.

*Ground 4 – Wrongful Conviction*. In his objection to the R&R's findings on Ground 4, Petitioner cites to two cases—*Mikes v. Borg*, 847 F.2d 353 (9th Cir. 1991) and *Jackson v. Virginia*, 443 U.S. 307 (1999)—for the proposition that a defendant's due process rights are violated and habeas relief allowed when a state court conviction is not supported by sufficient evidence. Neither the Court nor the Magistrate Judge take issue with this proposition. But on direct appeal, Petitioner merely articulated his insufficient evidence claim as a violation of Arizona Rule of Criminal Procedure 24.1(c)(1), which allows for a new trial if a "verdict is contrary to law or the weight of the evidence." *Id.* (*See* Doc. 11-2 at 256). The R&R did not error in finding that Petitioner failed to fairly present his Ground 4 federal claim to the state courts.

**D.    Objection Relating to Ground 5 (Doc. 24 at 4–5)**

In Ground 5, Petitioner argues that his federal and state due process rights were violated when the trial court admitted the confrontation calls between him and R.F. into evidence in "violation of applicable statutes." (Doc. 7 at 10 *citing* 18 U.S.C. §2511, 2515,

A.R.S.§ 13-3010, 13-3115(c), and Florida Statutes Chapter 934.04-934.09 seq.).[1] Petitioner raised this claim for the first time in his first PCR action. The PCR court found it was precluded under Arizona Rule of Criminal Procedure 32.2(a)(3) because Petitioner could have raised it on direct appeal but did not. (*See* Doc. 11-3 at 2; Doc. 7 at 120). *See also* Ariz. R. Crim. P. 32.2(a) (precluding a defendant from raising any issue in a PCR petition that was raised on appeal previously, that was finally adjudicated on the merits on appeal, or that was waived at trial, on appeal or in any previous proceeding). The R&R accordingly found that Ground 5 was expressly precluded. (Doc. 18 at 23). Petitioner argues that the PCR court did not preclude the claim under Rule 32.2(a) but addressed it on its merits when it concluded the petition failed to state a colorable claim. (Doc. 24 at 4). Petitioner is incorrect.

The PCR court issued two orders on Petitioner's PCR Petition – one before he filed a reply brief and one after. In the order that considered Petitioner's reply brief, which Petitioner cites to in his Objection, the judge noted that Petitioner's reply argued that he did not "intentionally or knowingly waive the application of Florida's all consent communication law." (Doc. 7 at 120). The judge noted that Arizona law considers two types of "grounds" under Rule 32.2(a)(3) when determining preclusion: those that involve a constitution right requiring defendant's personal knowledge for effective waiver (such as the right to counsel, the right to a jury trial, and the right to a twelve-person jury); and all other grounds, which requires the state only show the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding. *See* Ariz. Crim. P. Rule 32.2(a)(3). The PCR judge found that Petitioner's "failure to object to the admissibility of the evidence at trial [did not] violate[] a constitutional right" and "precludes raising the issue after a guilty verdict by the jury." (Doc. 7 at 120). *See also Stewart v. Smith*, 46 P.3d 1067, 1070 (Ariz. 2002) (en banc) ("The question whether an asserted ground is of 'sufficient constitutional magnitude' to require a knowing, voluntary and intelligent waiver for

---

[1] As the R&R noted, this claim is very similar to Ground 3, with the difference being that Ground 3 alleges Petitioner's due process rights were violated when the trial court admitted the calls into evidence in violation of Arizona state evidentiary rules.

purposes of Rule 32.2(a)(3) . . . does not depend upon the merits of the particular ground. It depends merely upon the particular right alleged to have been violated."). Accordingly, the PCR court found that the "ground" alleged in Petitioner's petition was not a constitutional right requiring his personal knowledge for effective waiver, and thus the State was only required to show that Petitioner had failed to raise the claim at trial or on appeal, which the State did. The claim was expressly precluded under 32.2(a). This objection is overruled.

### D. Ground 6 and 9(c) and (f) Objections (Doc. 24 at 5)

In Ground 6, Petitioner alleges his due process rights were violated when the State committed prosecutorial misconduct by knowingly using false testimony from two trial witnesses against him. (Doc. 7 at 11). After an extensive review of the trial record, the R&R found Petitioner had misstated the testimony that was given by the trial witnesses. The R&R found the witnesses testimony was not false, and there was no basis for Petitioner's claim that the prosecution knowingly used false testimony at trial. (Doc. 18 at 39–44). Finding Petitioner's claim of prosecutorial misconduct without merit, the R&R also recommends rejecting Petitioner's IAC claims in Grounds 9(c) that his defense counsel failed to object to the prosecutor's use of the false testimony and Ground 9(f) that his appellate counsel failed to raise the false testimony issue on appeal. (*Id*. at 43–44).

Petitioner argues that the recommendation should be rejected because the Magistrate Judge improperly denied his request for discovery related to his claim, which Petitioner characterizes as a dispositive motion. He argues the Magistrate Judge acted outside of her authority by denying his request for discovery related to "the meeting of May 21, 2012 in Judge Tina Ainley's chambers" in which both witnesses were present to discuss the details of R.F.'s criminal prosecution. (Doc. 24 at 5).

The objection is without merit. The Federal Magistrates Act authorizes district judges to designate a federal magistrate judge to both (1) "hear and determine" nondispositive pretrial matters; and hear, but not finally decide, dispositive matters. 28 U.S.C. § 636(b)(1)(A) and (B). Examples of non-dispositive matter include status and

scheduling orders, discovery orders, and orders for evidentiary hearings. Federal law authorized the Magistrate Judge to determine Petitioner's request for additional discovery. (Doc. 15). Moreover, there was no clear error in her determination to deny Petitioner's request for this discovery. Importantly, Petitioner has not shown how the discovery requested could have established the falsity of the witnesses' testimony to support his claim for prosecutorial misconduct. This objection is overruled.

### E. Ground 7 and 9(g) Objections (Doc. 24 at 6–7)

In Ground 7, Petitioner argues that the trial court's denial of his Rule 20 motions for directed verdict were arbitrary and capricious and violated his Sixth, Eighth and Fourteenth Amendment rights. (Doc. 7 at 12). His Rule 20 motions argued that a directed verdict was warranted because the state failed to show evidence of premeditation or intent to support the first-degree murder charge.[2] (*Id.*) *See* Ariz. R. Crim. P. 20 (allowing a party to move for "a judgment of acquittal on any offense changed. . . if there is no substantial evidence to support a conviction"). Relatedly, in ground 9(g), Petitioner argues that his appellate counsel provided ineffective assistance of counsel when he failed to raise this claim on direct appeal. (*Id.* at 14).

Petitioner raised his Ground 7 and 9(g) claims in his successive PCR Petition. The R&R notes that though the state court could have precluded the Ground 7 claim for failure to raise it on direct appeal and precluded the 9(g) claim for failure to raise it in his first PCR petition, the court instead summarily adjudicated the claim on the merits and denied relief without a reasoned decision. (Doc. 11-3 at 114). The state appellate court then likewise granted review and denied relief without exposition. (*Id.* at 138).

After reviewing the trial judge's decisions denying the Rule 20 motions, the R&R found that under 28 U.S.C. § 2254(1), the PCR's court's summary denial of Petitioner's Ground 7 and 9(g) claims were not contrary to *Jackson v. Virginia*, 443 U.S. 307 (1979), the applicable federal law governing sufficiency-of-the-evidence claims. (Doc. 18 at 47–

---

[2] In Objection, Petitioner argues that this "claim is about the state's failure to prove premeditation and intent, the essential elements of first-degree premediated murder and second-degree murder. . ." (Doc. 24 at 7).

48). Petitioner argues that *Jackson* is not the applicable federal standard. He argues that that "the state failed to present any evidence of premeditation but denied the Rule 20 motions any way, a decision that is contrary to federal law as established by the Supreme Court in *In re Winship*, 397 U.S. 358, 363 (1980) (government's failure to meet its burden of proof required independent acquittal at trial or reversal of conviction on appeal)." (Doc. 24 at 6–7).[3]

When a state court's denial of relief on the merits is not accompanied by a reasoned decision, as here, a federal court conducts its own "independent review" of the record to ascertain whether the decision was objectively unreasonable. *Haney v. Adams*, 641 F.3d 1168, 1171 (9th Cir. 2011). This does not mean that the federal court performs a *de novo* review of the constitutional issue that was presented to the state court; the independent review of the record is undertaken only to determine itself if the state court's denial of relief was "objectively unreasonable." *Id.* In making this assessment, "[a] habeas court must determine what arguments or theories *could have* supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Cullen*, 131 S. Ct. at 1402 (emphasis added) (alterations and citation omitted); *Haney v. Adams,* 641 F.3d 1168, 1171 (9th Cir. 2011). *See also Harrington v. Richter*, 562 U.S. 86, 98 (2011) (when "a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.").

The PCR court could have denied Petitioner's claims because there was sufficient evidence in the record to support Petitioner's conviction—and thus sufficient evidence in the record to deny the Rule 20 motions and send the case to the jury.[4] Accordingly, the

---

[3] Petitioner also argues the R&R erred in limiting its analysis to § 2254(d)(1) and seemingly argues that that it should have undertaken a review of the "state court's fact-finding process" under §2254(d)(2). (Doc. 24 at 6). But Ground 7 does not and has not articulated a claim regarding the fact-finding process of the state court. Ground 7 instead alleges that the trial court's denials of his motions for directed verdict were "unreasonable, capricious and arbitrary" because that there was no evidence of premeditation. (Doc. 7 at 12).
[4] In Arizona, a party moving for directed verdict must show there is no substantial evidence in the record supporting a conviction. Ariz. R. Crim. P. 20(a)(1). "Substantial Evidence"

Magistrate Judge did not err in assessing Grounds 7 and 9(g) under the sufficiency of evidence standards in *Jackson*. *Jackson* and its progeny instruct that:

> A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury. What is more, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was "objectively unreasonable."

*Cavazos v. Smith*, 565 U.S. 1, 2 (2011). Thus, pursuant to the AEDPA and its application in the context of *Jackson* claims, a federal court may overturn a state court decision rejecting a sufficiency-of-the-evidence challenge only if the state court decision was objectively unreasonable. *See id.* This "double dose of deference. . . can rarely be surmounted." *Boyer v. Belleque*, 659 F.3d 957, 964 (9th Cir. 2011). See also *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) ("We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference."). "AEDPA requires a state prisoner to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error. . . beyond any possibility for fairminded disagreement." *Burt v. Titlow*, 571 U.S. 12, 19-20 (2013) (internal quotations and alterations omitted).

In her independent review of the record, the Magistrate Judge properly applied *Jackson* and assessed whether the trial court's denials of Petitioner's Rule 20 motions for directed verdict were objectionably unreasonable. In light of the evidence in the record showing both premeditation and intent, she concluded that Petitioner had failed to meet his burden of showing that no rational trier of fact could have found him guilty of the crime he was convicted. (Doc. 18 at 48). This Court agrees. Petitioner's objection is overruled.

**F.     Ground 8 Objection (Doc. 24 at 7)**

---

under Rule 20 is 'such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" *State v. Florez*, 384 P.3d 335, 338 (Ariz. 2016). "When reasonable minds can draw different inferences from the evidence adduced, the trial court is without discretion to grant a Rule 20 motion and must submit the case to the jury." *Id.* Indeed, neither Arizona nor federal constitutional law require that the party opposing a motion for directed verdict show that evidence in the record actually establish a defendant's guilt beyond a reasonable doubt, which is what Petitioner seems to argue.

- 12 -

In Ground 8, Petitioner claims the "beyond a reasonable doubt" instruction given to the jury was "ambiguous and unconstitutional" and violated his due process rights. (Docs. 7 at 13; 16 at 31). When Petitioner raised this claim for the first time in his *pro per* PCR petition, the state court summarily denied it on the merits. (Doc. 11-3 at 32, 40–42). Upon review, the R&R found, in part, that

> [t]he jury instruction challenged in this matter was mandated in Arizona by *Arizona v. Portillo*, 182 Ariz. 592, 898 P.2d 970 (1995) and is a nearly a verbatim copy of the pattern jury instruction on reasonable doubt adopted by the Federal Judicial Center. The Ninth Circuit has upheld language that is identical or substantially similar to the FJC's pattern instruction as have several other federal courts of appeals. United States Supreme Court cases do not specifically articulate how reasonable doubt must be defined in jury instructions. Neither has the Supreme Court held that the giving of the reasonable doubt instruction given in Petitioner's case had created a reasonable likelihood that the jury understood the instructions to allow conviction based on proof less than beyond a reasonable doubt.

(Doc. 18 at 52–53). It concluded that Petitioner had failed to establish that the PCR court's decision was either contrary to, or an unreasonable application of, federal law as established by the Supreme Court, or was based on an unreasonable determination of the facts. (Doc. 18 at 49 citing 28 U.S.C. § 2254).

Petitioner argues "the R&R is wrong in its statement that here is no established law that prohibits the giving of unconstitutional 'reasonable doubt' instruction as the instruction challenged here." (Doc. 7 at 11). He cites to several Supreme Court and Ninth Circuit cases that instruct federal habeas courts to conduct a harmless error analysis upon a finding that a jury instruction is constitutionally deficient. (Doc. 24 at 7 citing *Calderon v. Coleman*, 525 U.S. 147 (1998); *Brecht v. Abrahamson*, 507 U.S. 619 (1993); *Chambers v. McDaniel*, 549 F.3d 1191 (9th Cir. 2008)). The Court finds no error in the R&R's analysis of this Ground, and Petitioner has not identified one: there was no need to assess whether giving the jury instruction was harmless error because the instruction was not constitutionally deficient and thus not error at all. Petitioner's constitutional claim in Ground 8 is without merit.

**G.     Other Objections to Sub-Claims in Ground 9**

Petitioner raises multiple sub-claims of ineffective assistance of his trial, appellate, and PCR counsel in Ground 9. (Doc. 7 at 14). In addition to those sub-claims already noted herein, the R&R specifically recommends dismissal of Grounds 9(k) and (l) because they are procedurally defaulted without excuse. (Doc. 18 at 23–25). Ground 9(k) alleges ineffective assistance of counsel when Petitioner's trial counsel failed "to investigate readily available evidence of incidents of drowning and near drowning in the same river and in the same area" and failed "to question available state's witnesses about those incidents during trial." (Doc. 7 at 14). Because Petitioner first raised this claim in his petition for review of the denial of his *pro per* PCR petition, the R&R found Petitioner had failed to give the superior court the opportunity to review it, and it was procedurally barred. (Doc. 18 at 24). Ground 9(l) alleges ineffective assistance of his trial counsel when he "failed to move to suppress Petitioner's statements made to Florida law enforcement on violation of *Miranda* warning." (Doc. 7 at 14). The R&R found this claim technically exhausted and procedurally barred because Petitioner did not raise the claim at all in state court, and because the record before the Court would not support the claim. (Doc. 18 at 25).

Petitioner says these findings are "untenable" and because the "state court did not review any of the claims of ineffective assistance. . . the state court's decision is not entitled [to] deferential review." (Doc. 24 at 10). Petitioner says this Court must conduct a *de novo* review and "consider the cumulative effect of counsel ineffectiveness." (*Id.*) The Court finds Petitioner's objections are non-responsive to the R&R's findings. The state court did not review his IAC claims because Petitioner did not properly present them for review. His failure to do so does not entitle him to *de novo* review by this Court. The R&R found Petitioner had failed to establish cause and prejudice or actual prejudice to excuse his procedural defaults, and the Court agrees. These objections are overruled.

**H.     Ground 10 Objection (Doc. 24 at 10)**

Petitioner generally argues that his claim of actual innocence in Ground 10 "is well supported by the record" and that "multiple constitutional violations contributed to

Petitioner's conviction." (Doc. 24 at 10). Petitioner does not articulate which findings in the R&R he takes issue with, or why. Where objections fail to identify a flaw in the R&R's analysis, they have the same effect as would a complete failure to object. *Warling v. Ryan*, 2013 WL 5276367 at *2 (D. Ariz. Sept. 19, 2013) (stating that "[b]ecause *de novo* review of an entire R&R would defeat the efficiencies intended by Congress, a general objection "has the same effect as would a failure to object"). In light of the foregoing, the Court has no obligation to review Petitioner's general objections to Ground 10 of the R&R. *Id.*

Although the Court could simply accept the Magistrate Judge's recommendation on Ground 10 based upon this case law, it did not. The Court reviewed the Magistrate Judge's findings and the applicable law and is left with the firm conviction that the Magistrate Judge's recommendation is well taken and supported by a correct application of the law. Petitioner's general objection regarding Ground 10 is thus also overruled.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Fine's Report and Recommendation (Doc. 18) is **ACCEPTED** and **ADOPTED** as the Order of this Court.

**IT IS FURTHER ORDERED** that the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of the Petitioner is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of a denial of a constitutional right.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

Dated this 27th day of February, 2023.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Honorable Diane J. Humetewa
United States District Judge